IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| EDWIN J. RUST,<br>          *Plaintiff*,<br><br>v.<br><br>ELECTRICAL WORKERS LOCAL NO. 26<br>PENSION TRUST FUND, ET AL.,<br>          *Defendants*. | CIVIL ACTION NO. 3:10-CV-00029<br><br>MEMORANDUM OPINION<br><br>NORMAN K. MOON<br>UNITED STATES DISTRICT JUDGE |

  Plaintiff sought to recover pension plan benefits governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Upon consideration of the parties' cross-motions for summary judgment, I found that Defendants' decision to terminate and rescind Plaintiff's pension benefits constituted an abuse of discretion. I further found, *inter alia*, that Plaintiff was entitled to statutory damages for Defendants' "failure or refusal" "to comply with a request for any information which" "any plan administrator" "is required" by ERISA "to furnish to a participant or beneficiary. . . ." 29 U.S.C. § 1132(c)(1). Accordingly, I denied Defendants' motion for summary judgment, granted Plaintiff's motion for summary judgment, and directed Plaintiff to file a petition for attorneys' fees and costs and a proposed order of judgment. Plaintiff filed the proposed order of judgment and, thereafter, I entered judgment for Plaintiff.[1]

  Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Defendants – the Electrical

---

[1] Plaintiff's petition for attorneys' fees and costs have been referred to United States Magistrate Judge B. Waugh Crigler.

Workers Local No. 26 Pension Plan Trust Fund (the "Electrical Workers," the "Plan," or the "Fund") and the Trustees of the Electrical Workers Local No. 26 Pension Trust Fund (the "Trustees")[2] – have filed a motion to alter or amend the judgment. For the reasons stated herein, the motion will be denied.

## I.

A motion to alter or amend a final judgment pursuant to Fed. R. Civ. P. 59(e) may be granted if necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 411 (4th Cir. 2010); *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008). "In general 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2d ed.1995)). A motion under Rule 59(e) "'may not be used to relitigate old matters, or to raise

---

[2] As I previously found, the Trustees are the plan administrator for the Plan as defined by ERISA. At all relevant times herein the Trustees, by and through their Appeals Committee, are, and have been, the plan administrator, the claims administrator, and the claims fiduciary, as those terms are defined under §§ 1002(16) and (21) of ERISA respectively, for the Plan. The individual Trustees are Ronald L. Bryant, Jon Eugenio (a/k/a "John Eugenio"), Michael Toman (a/k/a "Mike Towman"), Charles E. "Chuck" Graham, Jr., Michael D. Hoyt, and Ramiro G. "Butch" Ramos.

In Defendants' opposition to Plaintiff's motion for summary judgment, Defendants argued for the first time that the Trustees of the Plan (or Fund), as a group, are not *sui juris* and could not be held liable for the violations of ERISA and the Plan documents, and Defendants insisted that the individual members of the Board of Trustees had to be individually sued in their capacities as Trustees for the Plan. Accordingly, Plaintiff moved for leave to file a second amended complaint, identifying each of the individual Trustees in his official capacity as a fiduciary for the Plan. The motion was granted. Counsel for Defendants had already made clear that it was representing the individual Trustees and had made a general appearance for them; because Defendants had actively engaged in the defense of the case, notwithstanding the fact that the individual Trustees had not previously been identified, Defendants had waived the defense of failure to join the individual Trustees.

arguments or present evidence that could have been raised prior to the entry of judgment.'" *Id*. (quoting Wright et al., *supra*, § 2810.1, at 127–28).

Significantly, when a party asserts (as Defendants have here) that it moves "to correct a clear error of law or prevent manifest injustice," *Pac. Ins. Co.*, 148 F.3d at 403, the motion should be denied if the challenged order was "legally correct and did not work a manifest injustice," *United States v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). "'Mere disagreement does not support a Rule 59(e) motion.'" *Id*. (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

## II.

Defendants request three changes: "that the Court amend the wording of its Order of Judgment to make clear that the individual people serving as Trustees are not personally liable to pay" the statutory damages portion of the judgment; "that the Court eliminate the portion of the statutory damages that is based upon the Plaintiff's July 27, 2008 request for documents"; and "that the amount of awarded back benefits, interest and future monthly benefits should be amended to eliminate the 'smaller pension benefit,'" because Plaintiff allegedly "conceded in his summary judgment motion that he was not seeking" it.

*A*.

I will not amend the judgment order to "clarify" the liability of individual Trustees. As previously noted herein, *supra* n. 2, the Trustees are the plan administrator for the Plan as defined by ERISA. *See* 29 U.S.C. §§ 1002(16) & (21). The portion of ERISA governing the award of statutory damages for failure to provide documents requested by a participant or beneficiary provides as follows:

> *Any administrator* . . . who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request *may in the court's discretion be personally liable* to such participant or beneficiary in the amount of up to [$110] a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1) (emphasis added) (as modified by 29 C.F.R. § 2575.502c-1 to raise authorized amount). This is, in fact, the section under which I imposed the statutory damages, which I set at $35 per day. Accordingly, I will deny the motion to amend on this ground, given that the judgment order accurately reflects my ruling, and a Rule 59(e) motion is not to be used to re-argue issues that have already been decided.[3]

*B.*

Nor will I amend the judgment order to change the calculation of statutory damages. A

---

[3] Although Defendants claim that it would be a "manifest injustice" not to clarify the judgment order so that the "Trustees are not exposed to any personal liability," there could be no injustice from such exposure, given that the statute provides that "[a]ny administrator . . . may in the court's discretion be personally liable," 29 U.S.C. § 1132(c)(1), and the apparent purpose of the statute is to effect compliance (whereas my memorandum opinion on summary judgment documents Defendants' refusal to furnish the documents).

Indeed, the possibility of any "personal liability" (or any "injustice" therefrom) occurring in this case appears slim. Plaintiff's counsel has lodged a credible assertion that the Plan document indicates that the Plan indemnifies the Trustees in cases like Plaintiff's. *See* docket no. 81, Plaintiff's Mem. in Support of Fee Pet. at 5 (citing 2010 Pension Plan, § 11.3); *see also* docket no. 81, attachment 1, Declaration of Anthony F. Troy, counsel for Plaintiff, ¶ 21, at page 10. Thus, the events about which Defendants are concerned would only occur (1) if the Plan or the Trustees refuse to pay the judgment, forcing Plaintiff to begin to execute collection efforts against the individual Trustees; (2) if the Plan or the Trustees lack sufficient funds to pay the judgment; (3) if collection efforts result in proceedings in a court other than this one; and (4) if that other court decides that it must inquire of this court the meaning of the judgment order, which is, in the first instance, clear enough.

Therefore, I decline to render an advisory opinion through the "extraordinary remedy" of Rule 59(e), "clarifying" an issue that would arise only upon the occurrence of a series of speculative events. *See CNF Constructors v. Donohoe Constr. Co.*, 57 F.3d 395, 402 (4th Cir. 1995) (affirming district court's decision to deny a motion to amend its order to clarify an issue that could conceivably arise at a later date, because to alter the order under such circumstances would "amount to an advisory opinion").

Rule 59(e) motion cannot be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quotation omitted). Defendants' motion regarding the calculation of statutory damages stems from Plaintiff's letter of July 27, 2008, to the Electrical Workers' representatives requesting the "original paperwork that I signed in 1981 and the paperwork for NSR Electrical, Inc. which was executed in 1992-3." The letter further requested that Plaintiff be provided "the basis for your denial of my pension from the above reference[d] documentation."

My memorandum opinion on summary judgment in this matter fully discussed and decided the issue of whether Plaintiff's letter gave Defendants clear notice that he was requesting documents. *See* docket no. 72, slip op. at 36 ("The July 27, 2008, request for documents clearly notified Defendants that Plaintiff desired the paperwork and documentation upon which they had based their decision to deny his benefits.").[4] Accordingly, Defendants'

---

[4] I add that this matter was fully briefed by the parties prior to the hearing on summary judgment, and my ruling on the matter was based on evidence presented by Plaintiff without objection by Defendants. My memorandum opinion on summary judgment provided a detailed explanation of my reasoning that, at a minimum, under 29 U.S.C. § 1024(b)(4), Defendants were required to produce the Plan document, Summary Plan Description ("SPD"), and Collective Bargaining Agreement, given that, according to Defendants' stated reasons for terminating and rescinding Plaintiff's benefits, Defendants would have been obliged to rely upon each of these documents.

The United States Court of Appeals for the Fourth Circuit has recognized that "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). In this case, Plaintiff's position on which documents were implicated in the letter of July 27, 2008, was presented during oral argument on the parties' motions for summary judgment. At the hearing, counsel for Plaintiff introduced an exhibit (the "damages exhibit") that explained what was covered by each request made by Plaintiff and his counsel, as well as the damages that Plaintiff was entitled to recover based on Defendants' failure to respond to each of those requests.

With respect to the request of July 27, 2008, the damages exhibit explained that Plaintiff sought the following: (1) the "2004 Plan Doc"; (2) the "2005 SPD"; and (3) the "Collective Bargaining Agreement (CBA)." In introducing the damages exhibit, Plaintiff's counsel observed that, while Defendants had made many objections to paying Plaintiff's benefits, "[t]he one thing they have not suggested is wrong is the manner in which we have set out the calculation of damages." Plaintiff's counsel then, without objection, introduced the damages exhibit, drawing my attention particularly to Plaintiff's request dated July 27, 2008.
(continued...)

request to amend the judgment order to reduce the statutory damages imposed on Defendants for the failure to respond to Plaintiff's request dated July 27, 2008, will be denied.

*C.*

In my memorandum opinion on summary judgment, I observed that Plaintiff sought an award reflecting, *inter alia*, a "small pension benefit," and I held that "the appropriate remedy is for me to reinstate Plaintiff's benefits and award him all past-due benefit payments." Defendants take issue with the award of the small pension benefit of a lump sum of $9,000, plus $95 per month. Defendants contend "that the amount of awarded back benefits, interest and future

---

[4](...continued)
Defendants made no objection when Plaintiff's counsel introduced the damages exhibit, nor did they object to or counter Plaintiff's counsel's discussion and reliance upon the damages exhibit. The damages exhibit is nearly identical to the calculation of statutory damages attached as Exhibit A to the judgment order, differing only in (i) dollar figures that were adjusted to conform to the memorandum opinion, (ii) new dates reflecting when documents were finally produced to Plaintiff's counsel, and (iii) explanatory footnotes. Defendants may not now raise an objection under Rule 59(e), which "'does not provide a vehicle for a party to undo its own procedural failures' or to 'advance arguments that could and should have been presented to the district court prior to judgment.'" *Nathan P. v. W. Springfield Pub. Sch.*, 362 F.3d 143, 147 n. 2 (1st Cir. 2004) (quoting *Dimarco-Zappa v. Cabanillas*, 328 F.3d 25, 34 (1st Cir. 2001)).

I have previously dispensed with any doubt that the request of July 27, 2008, constituted a clear notice that Plaintiff was requesting documents. As for Defendants' present footnoted contention that summary judgment was inappropriate on this issue because Defendants' counsel submitted affidavits claiming that the letter was not received, Defendants' bad faith is clearly delineated in the memorandum opinion on summary judgment and, in light of this bad faith, their bald denials do not create a genuine issue of material fact. And, although Defendants' counsel, Eric Wexler, declared that, until Plaintiff filed his motion for summary judgment, Wexler "had never previously seen" the request of July 27, 2008, Plaintiff's counsel maintains that Plaintiff had produced a copy of the letter with his Supplemental Initial Disclosures, and that a FedEx receipt confirms that Wexler received it. *See* docket no. 81, attachment 1, Declaration of Anthony F. Troy, counsel for Plaintiff, ¶ 26(a).

Moreover, I noted on summary judgment that Defendants' affidavits constituted "improper attempts to supplement the administrative record" and to introduce hearsay, and that one of counsel's affidavits was "rife with statements that the record clearly indicates are inaccurate." I denied Plaintiff's motions to strike the affidavits and portions of Defendants' summary judgment briefing, observing that, although Plaintiff was correct that the submissions were improperly before the court, and Plaintiff was entitled to the requested relief, I had considered the entirety of Defendants' submissions, and found "Defendants' arguments wholly unpersuasive." I noted that the affidavits submitted by Defendants exceeded the information disclosed in their initial disclosures pursuant to Rule 26(a)(1), and therefore could be stricken pursuant to Rule 37(c)(1). Under Rule 56(c)(4), an affidavit only may be considered if it "set[s] out facts admissible in evidence, and show[s] that the affiant is competent to testify on the matters stated." The affidavits submitted by Defendants fell short of this standard, and did not produce evidence sufficient to created a genuine issue of material fact.

monthly benefits should be amended to eliminate the 'smaller pension benefit,'" because the Plaintiff allegedly "conceded in his summary judgment motion that he was not seeking" it, and therefore the award constitutes "clear error and a manifest injustice." However, Defendants are incorrect, as the record reflects that Plaintiff did, in fact, renew his claim for the small pension benefit prior to my ruling on summary judgment. Accordingly, I will not amend the order to eliminate the award of the "small pension benefit."

Defendants are correct that, in Plaintiff's memorandum in support of his motion for summary judgment, he stated that he did not "seek recovery of the smaller pension benefit referenced in the [First] Amended Complaint." However, Plaintiff superseded this position in his later pleadings.

After Plaintiff moved for summary judgment, Defendants belatedly and for the first time raised the defense that the Trustees are not a *sui juris* entity that could be held liable for violations of ERISA and the Plan documents. *See* n. 2, *supra*. Plaintiff then moved for leave to file a second amended complaint, which was granted. The second amended complaint included the request for the small pension benefit.

Although Defendants' answer to the first amended complaint denied the allegation seeking the small pension benefit, they never denied that the $95 monthly payment and $9,000 lump sum was part of Plaintiff's "Plan benefits."[5] Indeed, Defendants admitted the allegation that "[t]he Trustees' decision to terminate Rust's benefits was based on the conclusion that Rust had 'constructively' received the benefits due to him," and Defendants have never offered any

---

[5] Rather, Defendants answered that Plaintiff's "Second Appeal Letter speaks for itself," and "den[ied] the allegations" only "to the extent they attempt to paraphrase or re-characterize substance of the Second Appeal Letter."

other defense to Plaintiff's asserted entitlement to the small pension benefit.

On summary judgment, I rejected Defendants' asserted theory, and found that Defendants' decision to terminate and rescind Plaintiff's pension benefits constituted an abuse of discretion. Given that Plaintiff renewed his request for the small pension benefit prior to my ruling (and before the hearing) on summary judgment, and my rejection of Defendants' asserted defense, there was no error in my granting judgment as to that issue.[6]

### III.

For the heretofore stated reasons, I will deny Defendants' motion to amend the judgment. An appropriate order accompanies this memorandum opinion.

Entered this  9th  day of April, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[6] The record reflects that Defendants had adequate notice and ample opportunity to respond to Plaintiff's claim for the small pension benefit. "A district court may grant summary judgment *sua sponte*, so long as the party against whom summary judgment is granted has notice and 'an adequate opportunity to demonstrate a genuine issue of material fact.'" *Liobmedia, LLC v. Dataflow/Alaska, Inc.*, 349 Fed. Appx. 843, 844 (4th Cir. 2009) (quoting *U.S. Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n*, 873 F.2d 731, 735 (4th Cir. 1989).